IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01912-MSK-MJW

LION GLOBAL FUND, LLP, and
LION GLOBAL OFFSHORE FUND, LTD.,

        Plaintiffs,

v.

RECOVERY CAPITAL, INC., and
MATTHEW JENNINGS,

        Defendants.

_____

## ORDER OF REMAND
_____

**THIS MATTER** comes before the Court *sua sponte*.

The Defendants removed this action from the Colorado District Court, citing federal subject matter jurisdiction arising out of diversity of citizenship, 28 U.S.C. § 1332. The Amended Complaint asserts that (and the Notice of Removal does not elaborate upon) the citizenship of the Plaintiff Lion Global Fund as being "a Delaware limited liability limited partnership with its principal place of business in Denver, Colorado" and Plaintiff Lion Global Offshore Fund as being "an exempted company organized under the laws of the Cayman Islands." The Amended Complaint states that Defendant Recovery Capital is "a California corporation" and that Mr. Jennings is a citizen of California.

The party attempting removal – the Defendants – have the burden of demonstrating sufficient federal subject matter jurisdiction exists. *Environmental Remediation Holding Corp. v. Talisman Capital Opportunity Fund, LP*, 106 F.Supp.2d 1088, 1092 (D. Colo. 2000). Doubts

or ambiguities are resolved against permitting removal.  *Id.*  The basis for federal subject matter jurisdiction must appear on the face of the Complaint, unless supplemented by specific factual averments in the Notice of Removal.  *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  Diversity of citizenship exists where all Plaintiffs are citizens of states other than those of which any Defendant may be a citizen.  28 U.S.C. § 1332(a)(1).  Corporate entities are citizens of both their state of incorporation and the state in which they maintain their principal place of business.  28 U.S.C. § 1332(c)(1).  A limited partnership is a citizen of every state of which any of its partners is a citizen.  *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 569 (2004).

The Court finds that the Defendants have failed to sufficiently demonstrate the diversity of the parties sufficient to confer federal subject matter jurisdiction and support removal.  As a limited partnership, Plaintiff Lion Global Fund is a citizen of every state that its partners may be citizens of.  Neither the Amended Complaint nor the Notice of Removal disclose the identities of its partners, much less their citizenship.  Likewise, the Amended Complaint alleges that Recovery Capital is incorporated in California, but does not disclose the state of its principal place of business.[1]  Because the Court cannot simply assume that none of Lion Global Fund's partners are citizens of California, nor that Recovery Capital's principal place of business is not in a state where one of Lion Global Fund's partners might be a citizen, the Court concludes that the Defendants have failed to demonstrate the existence of federal subject matter jurisdiction sufficient to permit removal.  Remand is thus required pursuant to 28 U.S.C. § 1447(c).

---

[1]The Notice of Removal's statement that Recovery Capital is "a citizen and resident of the state of California" does not alter this conclusion.  Under 28 U.S.C. § 1332(c)(1), Recovery Capital could maintain a principal place of business in, say, Colorado, and yet still be a "citizen" of California, its state of incorporation.

Separately, the Court also notes that, in addition to the Notice of Removal, the Defendants filed only a copy of the Summons and First Amended Complaint. Under 28 U.S.C. § 1447(b), the Court may require the removing party to file copies of all proceedings in the state court. This District's Local Rules expressly require the removing party to do so. D.C. Colo. L. Civ. R. 81.1 ("The removing party shall promptly file with this court copies of all state court pleadings, motions, and other papers"). The failure of the Defendant to file the full record of state court proceedings promptly with the Notice of Removal constitutes a separate and independent basis to remand this action.

Accordingly, the Court *sua sponte* **REMANDS** this action to the Colorado District Court for Denver County. The Clerk of the Court shall transmit the entire record of this action to the Clerk of the Court for the Denver County District Court, and shall thereafter close this case.

Dated this 12th day of August, 2010

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge